```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ITECH FITNESS, INC.,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    No.  10 C 4362
                                  )
MOTION FITNESS EQUIPMENT          )
COMPANY, et al.,                  )
                                  )
          Defendants.             )
```

<u>MEMORANDUM OPINION AND ORDER</u>

iTech Fitness, Inc. ("iTech") has brought this action

against Motion Fitness Equipment Company ("Motion Fitness"),

Exergame Fitness ("Exergame"), Edwin Kasanders ("Kasanders") and

Thomas Seilheimer ("Seilheimer"), claiming to invoke federal

jurisdiction on diversity grounds.  Because that effort is

impermissibly flawed, so that iTech has failed to carry its

burden of establishing subject matter jurisdiction here, this sua

sponte memorandum opinion and order dismisses the Complaint and

this action on jurisdictional grounds--but with the understanding

that if the present flaws can be cured promptly, the action can

then be reinstated.

Although Complaint ¶6 reflects the awareness of iTech's

counsel as to the 28 U.S.C. §1332(c)(1)[1] requirements as to the

citizenship of corporate parties (both iTech's state of

incorporation and the location of its principal place of business

_____

        [1]    All further references to Title 28's provisions will
simply take the form "Section--."

are identified there), Complaint ¶¶9 and 10 are inexplicably silent as to the principal places of business of Motion Fitness and Exergame. And counsel's inattention to basic requirements carries over to the individual parties, because Complaint ¶¶7 and 8 speak only of the <u>residence</u> of Kasanders and Seilheimer, even though by definition the diversity required by Section 1332(a) relates to the litigants' states of <u>citizenship</u>. On that last score our Court of Appeals has taught in <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004) that "when the parties allege residence but not citizenship, the district court must dismiss the suit."

Until sometime last year this Court was content simply to identify such failures to plaintiffs' lawyers in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (<u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)). But even though the <u>Adams</u> "must dismiss" mandate may seem Draconian, surely courts are entitled to expect more from counsel who institute what appears to be a major piece of commercial litigation.

Accordingly not only iTech's Complaint but this action are indeed dismissed (cf. <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998)), with iTech and its counsel being jointly obligated to pay a fine of $350 to the Clerk of this District Court if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the

missing information that leads to the vacatur of this judgment of dismissal.[2]  Because this dismissal is attributable to iTech's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 15, 2010

---

[2]  That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable.